# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN HIDALGO, | ) Case No.: 3:24-cv-02386-BEN-JLB |
| Plaintiff, | ) |
| v. | ) **ORDER DENYING MRV BANK'S** |
| | ) **MOTION TO DISMISS FOR** |
| JPMORGAN CHASE BANK, N.A., | ) **LACK OF PERSONAL** |
| LNV FUNDING LLC, and MRV | ) **JURISDICTION** |
| BANK | ) **[ECF No. 9]** |
| Defendant. | ) |

    Taking as true the facts in the Complaint, in a nutshell this motion is about a Missouri-based bank that issues credit cards to residents of California. The bank issued credit to someone, using the plaintiff's personal information without the plaintiff's consent, claiming to be a Michigan resident. Plaintiff informed the bank that his information had been misappropriated. The bank nevertheless reported the account to agencies that report creditworthiness nationally, including in

California.[1]  The bank now asks this Court to dismiss the Plaintiff's complaint and, in essence, compel this California resident to litigate his claim at some distant address or forum.  That, this Court will not do.  For the reasons that follow, the motion to dismiss is hereby DENIED.

## INTRODUCTION

The Court addresses Defendant MRV Bank's ("MRV") Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Plaintiff Jonathan Hidalgo, a California resident, alleges that an unknown individual opened a fraudulent credit card account in his name with MRV, a Missouri-based bank, and that MRV's subsequent actions harmed his creditworthiness in California.  (ECF No. 1-2 ¶¶ 26, 31-32).  He asserts a claim under the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785.1 et seq., which prohibits furnishers of credit information from reporting inaccurate data.  MRV contends it lacks sufficient contacts with

---

[1] On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, the court has no obligation to draw unreasonable inferences when determining whether the pleading under attack states a plausible claim. *See, e.g., Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."); *Cisco Systems, Inc. v. Capella Photonics, Inc.*, No. 20-cv-01858-EMC, 2020 WL 4923697, at *3 (N.D. Cal. Aug. 21, 2020), motion to certify appeal denied, No. 20-cv-01858-EMC, 2020 WL 7227153 (N.D. Cal. Dec. 8, 2020) ("When a written instrument contradicts allegations in a complaint to which it is attached, the exhibit trumps the allegations.").

California to support jurisdiction. For the reasons below, the Court DENIES MRV's Motion to Dismiss.

## I. BACKGROUND

The Complaint alleges that an unidentified individual used Plaintiff's personal information to apply for and obtain a credit card from MRV, with the application listing a Michigan phone number. (ECF No. 9 at Page ID.91). Upon discovering the fraudulent account, Plaintiff notified credit reporting agencies, who notified MRV to dispute its validity, including through written correspondence sent in 2023. (ECF No. 12-1 ¶ 11; ECF No. 13 at Page ID.165-171). Despite these disputes, MRV continued reporting the account to credit agencies, causing harm to Plaintiff's creditworthiness in California, which forms the basis of his CCRAA claim.

## II. LEGAL STANDARD

A Rule 12(b)(2) motion challenges the Court's ability to exercise personal jurisdiction over a nonresident defendant. Plaintiff bears the burden of establishing jurisdiction. Personal jurisdiction requires "minimum contacts" with the forum state such that exercising jurisdiction aligns with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). Jurisdiction may be general—where the defendant is "essentially at home" in the forum, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)—or specific, where the suit arises from or relates to the defendant's forum-related conduct. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). For specific jurisdiction, the Ninth Circuit applies a three-part test: (1) the defendant purposefully directed its activities toward the forum or availed itself of the forum's privileges; (2) the claim arises out of or relates to those activities; and

(3) the exercise of jurisdiction is reasonable. *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1022–23 (9th Cir. 2017).

### III. DISCUSSION

#### A. General Jurisdiction

General jurisdiction exists only where a defendant's contacts with the forum are so "constant and pervasive" as to render it "essentially at home." *Diamler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear*, 564 U.S. at 919). MRV, a Missouri-chartered bank with its principal place of business and branches in Missouri, has no offices, employees, or continuous operations in California. (ECF No. 9-1 ¶¶ 2-7). Plaintiff does not dispute this. Without substantial, ongoing activities in California, MRV's contacts fall short of rendering it "essentially at home" in the state. Thus, general jurisdiction is absent.

#### B. Specific Jurisdiction

Specific jurisdiction hinges on whether MRV's suit-related conduct establishes a substantial connection with California under the Ninth Circuit's three-part test. *Walden*, 571 U.S. at 284; *Williams*, 851 F.3d at 1022-23. All three prongs—purposeful direction, claim relatedness, and reasonableness—must be met. The Court finds they are.

##### 1. Purposeful Direction

The Ninth Circuit employs another three-part test, the *Calder* effects test from *Calder v. Jones,* 465 U.S. 783 (1984), for assessing purposeful direction, requiring: (a) an intentional act, (b) expressly aimed at the forum, and (c) causing harm the defendant knows is likely to be suffered there. *Brayton v. Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting *Yahoo! Inc v. La Ligue Contre La Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir,

2006) (*en banc*)).

### a. Intentional Act

The first prong of the *Calder* effects test requires an intentional act, defined as "an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Brayton,* 606 F.3d at 1128 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 806 (9th Cir. 2004)). In *Schwarzenegger*, the Ninth Circuit clarified that intent under *Calder* focuses on the act itself (e.g., publishing an advertisement), not the intent to cause harm, ensuring the defendant's conduct is deliberate. 374 F.3d at 806. This standard focuses on the defendant's deliberate conduct, not the intent to cause harm, ensuring the act is purposeful and not incidental.

Here, MRV continued to report the fraudulent account in Plaintiff's name to credit agencies after being notified of its falsity and Plaintiff's California residency. This constitutes an intentional act. (ECF No. 1-2; ECF No. 12-1 ¶11). MRV's decision to persist in reporting, despite Plaintiff's disputes, was a deliberate, real-world action—submitting credit information to national agencies— that directly affected Plaintiff's financial standing. This satisfies *Brayton's* requirement of a purposeful physical act, as MRV actively chose to transmit the disputed data rather than correct or cease reporting.

In *Briskin v. Shopify, Inc.*, the Ninth Circuit's *en banc* decision supports the finding that MRV's reporting was an intentional act under the *Calder* test. No. 22-15815, 2025 WL 1154075, at *11-12, 37-38 (9th Cir. Apr. 21, 2025). The court found that Shopify "[intentionally] reached out beyond its home state by knowingly installing tracking software onto unsuspecting Californians' phones so that it could later sell the data it obtained." Shopify's deliberate act of embedding cookies on a California resident's device was intentional because it was a

calculated step in its business model. Similarly, MRV's continued reporting of the fraudulent account, despite disputes notifying it of Plaintiff's California residency and the account's falsity, was a purposeful act within its credit services framework. (ECF No. 1-2; ECF No. 12-1 ¶ 11). MRV's choice to persist in reporting, knowing it would impact Plaintiff's creditworthiness in California, parallels Shopify's intentional outreach, as both defendants executed deliberate acts targeting known California residents for commercial purposes. Both MRV's reporting and Shopify's cookie installation involved affirmative steps—submitting data to credit agencies and embedding software, respectively—designed to advance their business interests, regardless of the harm caused.

MRV might argue that its reporting was automated or part of standard procedures, not a deliberate act targeting the Plaintiff. However, *Brayton* clarifies that the intentional act need not be malicious or specifically aimed at harm; it only requires purposeful conduct. 606 F.3d at 1128. MRV's choice to continue reporting after receiving Plaintiff's disputes—rather than correcting the error—demonstrates intentionality, as it actively maintained the inaccurate credit information. Moreover, *Briskin* underscores that even automated processes, like Shopify's cookie installation, qualify as intentional when part of a defendant's deliberate business strategy. 2025 WL 1154075, at 37. MRV's reporting, conducted with knowledge of some impact on a California resident, meets this threshold. Having established that MRV committed an intentional act, the Court now examines whether the act was expressly aimed at California.

### b. Express Aiming

MRV's conduct was expressly aimed at California, satisfying the second prong of the *Calder* effects test. The Ninth Circuit has consistently held that a defendant's intentional actions targeting a known California resident or profiting

from California's market constitute "express aiming."  Here, as described in the "Intentional Act" section, supra., despite knowing Plaintiff's California residency, MRV's continued reporting of the fraudulent account to credit agencies directly targeted him in the forum state, causing harm to his creditworthiness.

Ninth Circuit precedent supports this conclusion.  In *Mavrix Photo, Inc. v. Experian Info. Sols., Inc.*, 647 F.3d 1218, 1231 (9th Cir. 2011), the court held that "where, as here, a website with national viewership and scope appeals to, and profits from, an audience in a particular state, the site's operators can be said to have 'expressly aimed' at that state."  In *Marvix*, the defendant's use of copyrighted photos to exploit California's celebrity market established jurisdiction, even without physical presence in the state, because the defendant intentionally targeted California's audience for commercial gain.  Similarly, MRV's reporting, which affected Plaintiff's creditworthiness in California's financial system, was not random but part of its nationwide credit services that foreseeably impacted California residents.

Likewise, in *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1077 (9th Cir. 2011) (citations omitted) the court found jurisdiction where a company had "engaged in wrongful conduct targeted at a plaintiff whom the defendant kn[ew] to be a resident of the forum state."  There, the defendant's misappropriation of a California company's materials was aimed at the plaintiff's home state because the defendant knew the plaintiff was based in California and directed its tortious conduct there.  MRV's actions parallel this, as it knowingly targeted Plaintiff—a California resident—by persisting in reporting after receiving his disputes, which explicitly notified MRV of his location.

In *Will Co., Ltd v. Lee,* 47 F. 4th 917, 924 (9th Cir. 2022), the court found express aiming based on the defendant's "intent to cultivate an audience in the

United States," evidenced by website optimizations for U.S. users. Although MRV's credit reporting is not website-based, its deliberate engagement with the Plaintiff in California through correspondence and reporting affecting his credit shows intent to interact with California's financial ecosystem, akin to cultivating an audience.

The Ninth Circuit further clarified express aiming in *Herbal Brands, Inc. v. Photoplaza, Inc*., 72 F. 4th 1085, 1094 (9th Cir. 2023), where selling a physical product through an interactive website constituted conduct "purposefully directed at the forum state" when done as part of regular business. In *Herbal Brands*, the defendant's sales to Arizona residents via Amazon were deemed forum-directed because they were systematic and targeted. MRV's reporting, conducted as part of its ongoing credit service, similarly targeted California by affecting Plaintiff's creditworthiness in the state, distinguishing it from isolated or fortuitous contacts.

*Briskin* further clarifies that MRV's actions were "expressly aimed" at California, satisfying the *Calder* test's second prong. No. 22-15815, 2025 WL 1154075, at *11-12, 15. The Ninth Circuit held that Shopify, a Canadian e-commerce company, was subject to specific jurisdiction in California because it knowingly installed tracking cookies on a California resident's device and used the collected data for profit. The court emphasized that Shopify's deliberate extraction and commercial use of the plaintiff's data constituted express aiming, likening it to "installing code on someone's phone and secretly collecting data is like entering someone's house to steal personal files." *Id.* at *16. Likewise, MRV's continued reporting, undertaken after Plaintiff's disputes confirmed his California residency, foreseeably harmed his creditworthiness in violation of California law. Like Shopify's digital intrusion, MRV's actions reached into California, targeting the Plaintiff in the forum state.

This case is also analogous to *Mavrix Photo*, where jurisdiction was upheld because the defendant continued reporting after notice of the plaintiff's California residency. 647 F.3d at 1229. Unlike *Smith v. Bellco Credit Union*, No. 2:20-cv-09772-MCS-JPR, 2020 U.S. Dist. LEXIS 250471, at 8 (C.D. Cal. Dec. 14, 2020), where the court declined jurisdiction because the harm occurred before the plaintiff moved to California, here the gravamen of the argument is that the alleged harm transpired during the entire time period Plaintiff was a California resident. MRV's knowledge of Plaintiff's residency, gained through his credit disputes, and its decision to persist in reporting, distinguish this case from situations where harm was unknown or preceded the plaintiff's move to the forum.

MRV might argue that its reporting was not California-specific, as it occurred through national credit agencies and was intended to affect Plaintiff's credit through national credit generally, not specifically in California. However, *Briskin* and *Mavrix* clarify that express aiming does not require differential targeting of the forum over others. *Briskin*, 2025 WL 1154075, at *17 (overruling *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201 (9th Cir. 2020), which required "differential targeting"). Instead, intentional conduct affecting a known California resident suffices. MRV's actions, undertaken with awareness of Plaintiff's location, were neither random nor fortuitous, and establish express aiming under Ninth Circuit precedent. Having confirmed MRV's actions were expressly aimed at California, the Court now considers whether the harm caused was foreseeably suffered in the forum.

### c. Causing Harm That Defendant Knows Will Be Suffered In Forum

The third prong of the *Calder* effects test requires the defendant to cause harm it knows is likely to be suffered in the forum state. *Calder*, 465 U.S. at 789-90; *Mavrix Photo, Inc.*, 647 F.3d at 1228. This element focuses on the defendant's

awareness that its conduct will foreseeably injure the plaintiff in the forum, ensuring the harm is not random or attenuated. Here, MRV's continued reporting of the fraudulent account foreseeably harmed Plaintiff in California, satisfying this prong.

As previously detailed, MRV's reporting of the fraudulent account to credit agencies directly impacted Plaintiff in California by damaging his creditworthiness. Like Shopify's cookies in *Briskin*, MRV's reporting harmed Plaintiff's financial standing. In *Briskin*, the Ninth Circuit found that Shopify's installation of tracking cookies, with knowledge of the plaintiff's California location, caused foreseeable privacy harms in the forum, in the same way that Shopify knew its data collection would affect the plaintiff where he resided. 2025 WL 1154075 at *37-38. Similarly, MRV's awareness of Plaintiff's location—gained through his disputes—and its decision to persist in reporting mirror Shopify's intentional targeting in *Briskin*. MRV knew or should have known that its inaccurate reporting would damage Plaintiff's credit in California, where he lived and conducted financial transactions, limiting his access to loans and other credit-dependent activities. This knowledge and subsequent action distinguish MRV's conduct from random or fortuitous contact, establishing that it expressly aimed its actions at California under *Briskin*'s reasoning.

MRV cites *Deveroux v. TT Mktg., Inc.*, No. 1:18-cv-00487-AWI-SAB, 2018 U.S. Dist. LEXIS 139244, at 13–14 (E.D. Cal. Aug. 16, 2018), where jurisdiction was absent. In *Deveroux,* the plaintiff incurred debt in Texas and later moved to California, and the defendant's actions preceded notice of the move, rendering the harm in California unforeseeable. Here, Plaintiff has resided in California throughout the relevant time period. Yet, MRV continued reporting after receiving notice of his residency, making its conduct deliberately forum-directed, and

suggesting MRV could foresee that Plaintiff would suffer harm *in* California. Unlike *Deveroux*, where the defendant lacked knowledge of the plaintiff's new location, MRV's persistence after Plaintiff's disputes demonstrates awareness that its reporting would foreseeably harm Plaintiff's creditworthiness in California, satisfying the *Calder* test's third prong.

MRV might argue that it did not specifically intend to harm Plaintiff in California or that the harm was not unique to the forum, given its reporting to national credit agencies. However, the *Calder* test does not require intent to harm, only knowledge that harm is likely to occur in the forum. *Brayton*, 606 F.3d at 1128. In *Marvix*, the Ninth Circuit upheld jurisdiction where the defendant's actions foreseeably harmed a California resident's business interest, even though the conduct (posting copyrighted photos) was nationally accessible. 674 F.3d at 123. Similarly, MRV's reporting, while part of a national system, was directed at Plaintiff, a known California resident, and caused financial harm in California, where he relied on his credit for economic activities. The foreseeable harm to Plaintiff's credit in California satisfies the third prong. Thus, the *Calder* effects test is satisfied.

### 2. Arising Out of or Relating to Forum Contacts

The claim must also arise out of or relate to MRV's California contacts. *Walden*, 571 U.S. at 284; *Ford Motor Co. v. Montana Eighth Judicial District Court*, 592 U.S 351, 358 (2021). Plaintiff's CCRAA claim arises directly from MRV's California-directed reporting after notice of his residency, which caused his alleged harm—damaged creditworthiness in California. Though MRV contends its actions occurred in Missouri or Michigan, the Ninth Circuit does not require a strict causal link; relatedness suffices. *Williams*, 851 F. 3d at 1023. Because MRV's intentional, California-directed conduct caused the alleged injury,

Plaintiff's CCRAA claim, which seeks to remedy inaccurate credit reporting, directly relates to MRV's forum activities. *Ford Motor Co.*, 592 U.S. at 358.

### 3. Reasonableness

Finally, MRV must show that exercising jurisdiction is unreasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). It has not. MRV offers nationwide credit services and corresponded with Plaintiff in California. California has a strong interest in protecting its residents from inaccurate credit reporting, and litigating here is convenient for Plaintiff, who suffered harm in the state. The burden on MRV, a national bank, to defend in California is minimal compared to the Plaintiff's interest in a convenient forum and California's interest in enforcing its consumer protection laws. Thus, jurisdiction is reasonable.

## IV. CONCLUSION

Plaintiff has demonstrated that MRV purposefully directed its conduct at California by continuing to report a fraudulent account after notice of his residency. Plaintiff's claim arises from this conduct, and jurisdiction is reasonable.

**IT IS HEREBY ORDERED:**

MRV Bank's Motion to Dismiss for lack of personal jurisdiction is DENIED.

**IT IS SO ORDERED.**

DATED: May 12, 2025

**HON. ROGER T. BENITEZ**
United States District Judge